IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                             CASE NO. 93-00753

ISMAEL DELGADO LABOY;
LAURA RAMOS ROSARIO                                CHAPTER 7

    Debtors

ISMAEL DELGADO LABOY;
LAURA RAMOS ROSARIO                                ADVERSARY NO. 09-00047

    Plaintiffs

vs.

FIRSTBANK PUERTO RICO;
REDLINE RECOVERY SERVICES, LLC;
PR ACQUISITIONS, LLC; OPERATING
PARTNERS CO. INC.

    Defendants

## OPINION AND ORDER

This adversary proceeding is before the court upon the motion for summary judgment filed on June 19, 2009 by FirstBank Puerto Rico (hereinafter referred to as "FirstBank" or "Defendant") (Docket No. 9) and a motion to dismiss filed by Operating Partners Co. Inc. (hereinafter referred to as "Operating Partners" or "Defendant") on June 24, 2009. Ismael Delgado Laboy and Laura Ramos Rosario (hereinafter referred to as "Debtors" or "Plaintiffs") initiated this adversary proceeding based upon alleged damages and violations of the discharge injunction pursuant to 11 U.S.C. §524(a)(2) of the Bankruptcy Code; the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq., and State Collection Agencies Laws and Regulations, 10 L.P.R.A. §980 et seq. FirstBank in its motion for summary judgment presents several arguments, namely: (i) lack of notice sufficient to exempt FirstBank from violation of the discharge injunction pursuant to 11 U.S.C. §524(a)(2) of the Bankruptcy Code; (ii) that the action brought by Debtors is barred by the doctrine of laches and equitable estoppel; (iii) that the sale of a discharged debt does not constitute a violation of the

discharge injunction pursuant to 11 U.S.C. §524(a)(2) of the Bankruptcy Code; and (iv) Debtors had a duty to mitigate damages by warning creditors of their violation to the discharge injunction. Plaintiffs on September 10, 2009 filed an Opposition to Motion for Summary Judgment and Brief in Support Thereof discussing the arguments presented by FirstBank (Docket No. 28). On October 5, 2009 FirstBank filed a Request of Entry of Order on Summary Judgment in Favor of FirstBank (Docket No. 35) in essence rebutting Plaintiffs' arguments presented in their opposition to the motion for summary judgment (Docket No. 35). Operating Partners' motion to dismiss is based on the allegation that the summons was not served pursuant to Fed. R. Bankr. P. 7004 (e), thus Fed. R. Civ. P. 12(b)(2) and (4) is applicable to this adversary proceeding pursuant to Fed. R. Bankr. P. 7012(b). Plaintiffs on September 10, 2009 filed an opposition to Operating Partners' motion to dismiss (Docket No. 29). For the reasons set forth below FirstBank's motion for summary judgment is denied and Operating Partners' motion to dismiss is denied.

Facts and Procedural Background

Plaintiffs filed a bankruptcy petition under Chapter 7 of the Bankruptcy Code on February 17, 1993. On March 22, 1993 the Chapter 7 Trustee filed the Report of No Distribution (Docket No. 5 in lead case No. 93-00753[1]). On May 27, 1993 the Debtors were granted a discharge from all dischargeable debts under 11 U.S.C. §727(a) of the Bankruptcy Code and their bankruptcy estate was closed (Docket Nos. 9&10 in lead case). On March 16, 2009 the bankruptcy case was reopened in order to file the action now before the court.

On March 16, 2009, Plaintiffs filed the instant adversary proceeding alleging several causes of action which include the following: (i) FirstBank sold Plaintiffs' discharged debt to PR Acquisitions, LLC, despite having knowledge that such debt had been discharged in a bankruptcy proceeding; (ii) Redline Recovery Services, LLC sent Plaintiff Ismael Delgado Laboy a collection letter on or about January 3, 2008; (iii) Operating Partners Co. Inc. sent Plaintiff Ismael Delgado Laboy a collection letter on or about June 9, 2008; (iv) Defendant FirstBank willfully violated the

---

[1] References to the lead case are to the entries and documents filed in the bankruptcy case, case number 93-00753 (ESL).

2

discharge injunction pursuant to 11 U.S.C. §524(a)(2) of the Bankruptcy Code; (v) Defendant is liable to Plaintiffs for actual and punitive damages and legal fees; (vi) Firstbank violated the FDCPA; and (vii) Firstbank also violated the Commonwealth of Puerto Rico Collection Agencies Act, 10 L.P.R.A. 981(p)(10) and its corresponding Regulations. On April 13, 2009 FirstBank filed a motion requesting an extension of seventy (70) days to answer the complaint since it had to obtain all applicable documentation, perform the necessary investigations and analyze the allegations in the complaint (Docket No. 6). The court on April 14, 2009 granted FirstBank's motion for an extension of time (Docket No. 7). On June 19, 2009 FirstBank answered the complaint and requested the dismissal of the same based on the following: (i) FirstBank did not receive notice of the discharge order for account number xx-xxxxx0341 because Plaintiffs included incorrect postal address (P.O. Box 1709, Santurce, Puerto Rico) of FirstBank on their list of creditors despite the fact that "the claim in controversy, clearly established the Name of the Creditor and the Name and the Addresses where Notices Should be Sent: First Federal Savings Bank, Bankruptcy Division, P.O. Box 9146, Santurce, Puerto Rico 00908-0146." (Docket No. 9, paragraph 63); (ii) "[p]rior to the filing of an adversary proceeding a Plaintiff should enforce the due diligence to ascertain who is the alleged liable party; if any, and whereas a debt collection effort took place a sender address or phone number should have been included" (Docket No. 9, paragraph 80); (iii) Plaintiffs should have communicated with the entities that sent Plaintiff Ismael Delgado the collection letters, namely, Redline Recovery Services, LLC ("Redline") and Operating Partners to mitigate the alleged damages; and (iv) based on <u>Finnie v. First Union Nat'l Bank</u>, 275 B.R. 743 (E.D. Va. 2002), FirstBank's sale of Plaintiffs' discharged debt to a third party is not a violation of the discharge injunction under 11 U.S.C. §524(a)(2).

On June 24, 2009, Operating Partners filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(4) based on the allegation that the summons was not served in conformity with Fed. R. Bankr. P. 7004(e) (Docket No. 10). The court on July 2, 2009 ordered the Plaintiffs to show cause within twenty (20) days why the motion to dismiss should not be granted (Docket No. 11). On the same date the court also ordered the Plaintiffs to show cause within twenty (20) days why summary judgment should not be entered in favor of FirstBank for the reasons stated in the motion (Docket No. 9) as part of the answer to the complaint (Docket No. 12). On July 22, 2009, Plaintiffs

filed a motion requesting twenty-five (25) days to answer the court's orders (Docket Nos. 11 & 12). The court on July 27, 2009 granted Plaintiffs' request for an extension of time (Docket No. 16). On July 31, 2009 the court ordered Plaintiffs to show cause why the complaint should not be dismissed for failure to prosecute (Docket No. 19). Subsequently, Plaintiffs on August 25, 2009 filed a motion requesting an additional extension of seven (7) days to file the answers to both court orders (Docket No. 21). The court on August 31, 2009 granted Plaintiffs' motion for an additional extension of time to answer the orders to show cause (Docket No. 22).

On September 9, 2009, Defendant filed a motion requesting entry of order on summary judgment (Docket No. 24). On this same date, the court ordered this adversary proceeding to be dismissed due to Plaintiffs' failure to prosecute the same (Docket No. 26). Plaintiffs on September 10, 2009 filed a motion requesting an extension of time of one (1) day to file their answers to this court's orders (Docket Nos. 11 & 12) to show cause as to why summary judgment should not be entered in favor of Defendant and to show cause as to why the motion to dismiss filed by Operating Partners should not be granted by this court (Docket No. 27). On September 10, 2009 Plaintiffs filed an Opposition to Motion for Summary Judgment and Brief in Support Thereof (Docket No. 28) by which they present the following arguments: (i) based on In re Nassoko, 405 B,R. 515 (Bankr. S.D.N.Y. 2009), Plaintiffs argue that the sale of discharged debts to a third party violates the discharge injunction pursuant to 11 U.S.C. §524(a)(2); (ii) Plaintiffs' action is not barred by the doctrines of laches nor equitable estoppel because 11 U.S.C. §524(a) does not have a statute of limitations for violations of the discharge injunction and given that Defendant sold a discharged debt thirteen (13) years after the same had been discharged the doctrine of equitable estoppel may not be applied because; (iii) Plaintiffs argue that Defendant's were properly noticed or in the alternative had constructive notice of the discharge injunction because it filed a proof of claim twenty-eight (28) days (March 17, 1993) after Plaintiffs filed their bankruptcy petition with the following address: First Federal Savings, Bankruptcy Division, P.O. Box 9146, Santurce, PR 00908-0146; (iv) Plaintiffs also argue that Fed. R. Bankr. P. 2002(g) mandates to which address notices are to be sent and that Fed. R. Bank. P. 2002(g) specifically stated: "(g)Addresses of Notices. All notices required to be mailed under this rule to creditor, equity security holder, or indenture trustee shall be addressed as such entity

4

an authorized agent may direct in a filed request; otherwise, to the address shown the list of creditors or the schedule whichever is filed later. If a different address stated in a proof of claim duly filed, that address shall be used unless a notice no dividend has been given." (Docket No. 28, p. 15); and (v) Plaintiffs argue that they had no duty to mitigate damages by warning creditors of their violations to the automatic stay or the discharge injunction.

On September 10, 2009 Plaintiffs filed their Opposition to the Motion to Dismiss by which they allege that they complied with Fed. R. Bankr. P. 7004(e) and that any delay that might have occurred was because Operating Partners provides conflicting information regarding the address of its resident agent which appears in the electronic registry of the Puerto Rico Department of State Corporate Information system (Docket No. 29).

On September 10, 2009 Plaintiffs filed their answers to the court order to show cause as to why summary judgment should not be entered in favor of Defendant and to the order to show cause as to why the motion to dismiss filed by Operating Partners should not be granted by this court (Docket Nos. 30 & 31). The court on September 11, 2009 granted Plaintiffs' motion requesting a final extension of time (Docket No. 27) to file answers to the motion for summary judgment and the motion to dismiss and the court set aside the dismissal order dated September 9, 2009 (Docket No. 32). Lastly, on October 5, 2009, Defendant filed a Request of Entry of Order on Summary Judgment in Favor of FirstBank Puerto Rico (Docket No. 35).

*Standard for Summary Judgment*

Rule 56 of the Federal Rules of Civil Procedure, is applicable to this proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure, provides that summary judgment should be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Bankr. P. 7056; *see also*, In re Colarusso, 382 F.3d 51 (1st Cir. 2004), citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

"The summary-judgment procedure authorized by Rule 56 is a method for promptly disposing of actions in which there is no genuine issue as to any material fact or in which only a question of law

is involved." 10A Wright, Miller & Kane, Federal Practice and Procedure 3d§ 2712 at 198. "Rule 56 provides the means by which a party may pierce the allegations in the pleadings and obtain relief by introducing outside evidence showing that there are no fact issues that need to be tried." Id at 202-203. Summary judgment is not a substitute for a trial of disputed facts; the court may only determine whether there are issues to be tried, and it is improper if the existence of a material fact is uncertain. Id at 205-206.

Summary judgment is warranted where, after adequate time for discovery and upon motion, a party fails to make a showing sufficient to establish the existence of an element essential to its case and upon which it carries the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

For there to be a "genuine" issue, facts which are supported by substantial evidence must be in dispute thereby requiring deference to the finder of fact. Furthermore, the disputed facts must be "material" or determinative of the outcome of the litigation. Hahn v. Sargent, 523 F.2d 461, 464 (1st Cir. 1975), cert. denied, 425 U.S. 904 (1976). When considering a petition for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party. Poller v. Columbia Broadcasting Systems, Inc., 368 U.S. 464, 473 (1962); Daury v. Smith, 842 F.2d 9, 11 (1st Cir. 1988).

The moving party invariably bears both the initial as well as the ultimate burden in demonstrating its legal entitlement to summary judgment. Adickes v. Kress & Co., 398 U.S. 144, 157 (1970). See also López v. Corporación Azucarera de Puerto Rico, 938 F.2d 1510, 1516 (1st Cir. 1991). It is essential that the moving party explain its reasons for concluding that the record does not contain any genuine issue of material fact in addition to making a showing of support for those claims for which it bears the burden of trial. Bias v. Advantage International, Inc., 905 F.2d 1558, 1560-61 (D.C. Cir. 1990), cert. denied, 498 U.S. 958 (1990).

The moving party cannot prevail if any essential element of its claim or defense requires trial. López, 938 F.2d at 1516. In addition, the moving party is required to demonstrate that there is an absence of evidence supporting the nonmoving party's case. Celotex, 477 U.S. at 325. See also,

6

Prokey v. Watkins, 942 F.2d 67, 72 (1st Cir. 1991); Daury, 842 F.2d at 11. In its opposition, the nonmoving party must show genuine issues of material facts precluding summary judgment; the existence of some factual dispute does not defeat summary judgment. Kennedy v. Josepthal & Co., Inc., 814 F.2d 798, 804 (1st Cir. 1987). See also Kauffman v. Puerto Rico Telephone Co., 841 F.2d 1169, 1172 (1st Cir. 1988); Hahn, 523 F.2d at 464. A party may not rely upon bare allegations to create a factual dispute but is required to point to specific facts contained in affidavits, depositions and other supporting documents which, if established at trial, could lead to a finding for the nonmoving party. Over the Road Drivers, Inc. v. Transport Insurance Co., 637 F.2d 816, 818 (1st Cir. 1980).

The moving party has the burden to establish that it is entitled to summary judgment; no defense is required where an insufficient showing is made. López, 938 F.2d at 1517. The nonmoving party need only oppose a summary judgment motion once the moving party has met its burden. Adickes, 398 U.S. at 159.

<u>Uncontested Material Facts</u>

1. Plaintiffs filed a bankruptcy petition for relief under Chapter 7 of the Bankruptcy Code on February 17, 1993 (Docket No. 1 in lead case).

2. Defendant FirstBank filed two (2) unsecured claims in the lead case: (i) a personal loan under account no. xx-xxxxx0341 in the amount of $7,552.00; and (2) one for a credit card under account no. xxxx-xxxx-xxxx-7303 for $5,634.39.

3. On March 17, 1993, FirstBank filed a proof of claim for a personal loan under account no. 26-18-00000341 in the amount of $7,552.00. The name and address where notices should be sent on the proof of claim included the following address: Bankruptcy Division, P.O. Box 9146, Santurce, Puerto Rico 00908-0146 (Docket No. 9, Exhibit A).

4. On May 27, 1993 an Order was entered granting Debtors a discharge from all their dischargeable debts under 11 U.S.C. §727(a) of the Bankruptcy Code and their bankruptcy estate was closed. (Docket Nos. 9&10 in lead case). Both of FirstBank's unsecured claims were included amongst the dischargeable debts.

5. On June 2, 1993, the Clerk of the Court certified that a copy of the discharge order was

mailed to all parties of interest as required by the Bankruptcy Code and the Rules of Bankruptcy Procedure. (Docket No. 28, Exhibit 2).

6. On September 29, 2006, a Purchase and Sale Agreement was entered by and between FirstBank Puerto Rico and First Federal Finance Corp. d/b/a "Money Express", as Seller and PR Acquisitions, LLC, as Buyer, (hereinafter referred to as the "Agreement") by which FirstBank sold to PR Acquisitions, LLC certain accounts, including account no. xx-xxxxx0341 belonging to Plaintiff Ismael Delgado-Laboy in the amount of $7,128.03 (Docket No. 9, Exhibit D).

7. Plaintiffs did not communicate with Defendant prior to the filing of this adversary proceeding.

8. Redline on behalf of its client, PR Acquisitions, LLC sent a collection letter to Plaintiff Ismael Delgado Laboy on or about January 3, 2008 which stated that the balance on account no. 00261890000341 was $18,389.95. The letter states that the original creditor is FirstBank De Puerto Rico. (Docket No. 1, p. 13).

9. Operating Partners on behalf of its client, PR Acquisitions, LLC sent a collection letter to Plaintiff Ismael Delgado Laboy on or about June 9, 2008 which stated that the balance on account no. 00261890000341 was $18,778.29. The letter states that the creditor is FirstBank De Puerto Rico. (Docket No. 1, p. 14).

<u>Applicable Law and Analysis</u>

*Discharge Injunction under 11 U.S.C. §524(a)(2)*

The effect of a bankruptcy discharge is that it "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived." 11 U.S.C. §524(a)(2). The discharge injunction is the mechanism which allows the debtor to commence debt-free his or her fresh start. See <u>In re Latanowich,</u> 207 B.R. 326, 334 (Bankr. D. Mass. 1997) ("The purpose of the permanent injunction set forth at §524(a)(2) and reiterated in the discharge order is to effectuate one of the primary purposes of the Bankruptcy Code: to afford the debtor a financial fresh start."); <u>Green v. Welsh</u> 956 F. 2d. 30,33 (2d Cir. 19992); <u>Baker v. Sommerville Mun. Fed. Credit Union (In re Baker)</u>, 2006 Bankr. Lexis 3183 (Bankr. D. Mass. 2006).

The discharge injunction is like a permanent extension of the automatic stay under 11 U.S.C. §362(a) of the Bankruptcy Code and thus, includes all types of collection activity such as; letters, phone calls, threats of criminal proceedings or other adverse actions brought about with the purpose of debt repayment. See Alan N. Resnick & Henry J. Sommer, 4 Collier on Bankruptcy ¶524.02[2] (15th ed. 2009); Ung v. Boni (In re Boni), 240 B.R. 381, 384 n.5 (B.A.P. 9th Cir. 1999). Moreover, "[c]reditors are obligated to maintain procedures to ensure that they do not violate section 524, and may be held liable for damages and attorney's fees if they do not." Alan N. Resnick & Henry J. Sommer, 4 Collier on Bankruptcy ¶524.02[b] (15th ed. 2009); See In re Roush, 88 B.R. 163, 165 (Bankr. S.D. Ohio 1988); Faust v. Texaco (In re Faust), 270 B.R. 310, 317 (Bankr. M.D. Ga. 1998); In re Nassoko, 405 B.R. 515, 521 (Bankr. S.D.N.Y. 2009). "Although, §524(a) which establishes the discharge injunction, does not include a specific provision setting out available remedies for violations of the discharge injunction, bankruptcy courts invoke §105(a), which grants bankruptcy courts broad equitable powers, to enforce the discharge injunction, using the mechanism of civil contempt action." Parker v. Boston Univ. (In re Parker), 334 B.R. 529, 537-538 (Bankr. D. Mass. 2005); See U.S. v. Rivera Torres (In re Rivera Torres), 309 B.R. 643, 647 (B.A.P. 1st Cir. 2004); In re Pratt, 324 B.R. at 5; Bessette v. Avco Fin. Servs., Inc., 230 F. 3d 439, 445 (1st Cir. 2000), cert. denied, 532 U.S. 1048, 121 S. Ct. 2016, 149 L. Ed. 2d 1018 (2001).

  The standard for a willful violation of the discharge injunction under §524(a)(2) is met if the defendant had knowledge of the discharge injunction and the same intended the actions which constituted the violation. See Fleet Mortg. Group, Inc. v. Kaneb, 196 F. 3d 265, 268 (1st Cir. 1999); In re Pratt, 462 F. 3d at 21 (1st Cir. 2006); Alan N. Resnick & Henry J. Sommer, 4 Collier on Bankruptcy ¶524.02[2][c] (15th ed. 2009). The defendant must have actual or constructive knowledge of the discharged debt for the knowledge requirement to be satisfied. See Torres v. Chase Bank U.S.A., N.A. (In re Torres), 367 B.R. 478, 490 (Bankr. S.D.N.Y. 2007). Civil contempt must be proven by clear and convincing evidence. Ellis v. Dunn (In re Dunn), 324 B.R. 175, 179 (D. Mass. 2005).

  In this adversary proceeding, one of the legal issues is whether the sale of a discharged debt to a third party constitutes a violation of the discharge injunction under 11 U.S.C. §524(a)(2).

Defendant citing the case of Finnie v. First Union Nat'l Bank, 275 B.R. 743 (E.D. Va. 2002) argues that, "... [it] would have the court expand §524(a)(2) beyond the plain language contained within the statute. The Court of Appeal, in Finnie, continued to rule that the statute's prohibitions apply only to actions taken by a creditor to collect from the debtor. While a creditor is prohibited from utilizing a collection agency to recover a discharged debt on its behalf...there is no prohibition on the creditor selling the discharged debt, at a greatly discounted rate, to a third party." (Docket No. 35, paragraph 70). Plaintiffs citing the case of In re Nassoko, 405 B.R. 515 (Bankr. S.D.N.Y. 2009) argue that, "[t]o avoid violation of the discharge injunction, a creditor could simply collect on a discharged debt indirectly by selling it to a third party, aware that the third party intended to pursue collection of the debt. The third party could then plead ignorance of the discharge, thereby purporting to insulate all parties from liability" In re Nassoko, 415 B.R. at 522. (Docket No. 28, p. 7).

  This court finds the reasoning employed in In re Nassoko more aligned with the purpose of the discharge injunction which is simply to prevent a debtor from being pursued for the payment of his or her discharged debts, thus affording the debtor a financial fresh-start. If a creditor were permitted to sell its discharged debts to a third party it would be tantamount to indirectly circumventing the discharge injunction pursuant to 11 U.S.C. §524(a). Moreover, the bankruptcy court in In re Lafferty held that the selling of accounts (discharged debts) to a third party collector is a deliberate act to collect on a discharged debt, and thus constituted a willful violation of the discharge injunction. In re Lafferty, 229 B.R. 707, 714 (Bankr. N.D. Ohio 1998) citing Walker v. M&M Dodge (In re Walker), 180 B.R. 834, 844 (Bankr. W.D. La. 1995). [2]

  In the instant the case, it is contested whether Defendant FirstBank had actual or constructive knowledge of Plaintiffs' discharged debt. Defendant FirstBank argues that it did not have knowledge that Plaintiffs' debt, a personal loan under account no. xx-xxxxx0341 in the amount of $7,552.00, was

---

[2] The court would like to distinguish this particular case from that of In re Rojas, 2009 WL 3055430 (Bkrtcy. D. Puerto Rico, 2009) in which Money Express assigned or conveyed the discharged debt to Advance Collection Services, Inc., but specifically informed the same that all actions or proceedings to enforce any discharged debt or to levy plaintiff's property subsequent to the entry of the discharge order were prohibited by law.

discharged because it did not receive proper notice of Plaintiffs' discharge. Defendant was not duly noticed of Plaintiffs' discharge because Debtors failed to include the correct mailing address of Defendant in the list of creditors. However, Defendant subsequent to the filing of Debtors' bankruptcy petition (March 17, 1993) filed a proof of claim which included the name and address where notices should be sent. The address Defendant included in its proof of claim for this particular debt is the following: Bankruptcy Division, P.O. Box 9146, Santurce, Puerto Rico 00908-0146. Plaintiffs arguments are the following: (i) Defendant had knowledge of the filing of the bankruptcy petition, given that it filed a proof of claim at a later date (28 days after the filing of the bankruptcy petition); and (ii) Defendant received notice of the discharge notice, if the Deputy Clerk acted in conformity with Fed. R. Bankr. P. 2000(g).

   Fed. R. Bankr. P. 4004(g) establishes that clerk will mail a copy of the discharge order to those entities (including creditors) in conformity with Fed. R. Bankr. P. 4004(a). Fed. Bankr. P. 4004(g). The addresses to be used for the notices are dictated by Fed. R. Bankr. P. 2002(g) and (j). FirstBank in the lead case did not file a request with the court directing the same to the send notices to a particular address. In the absence of such request, the address to be used is that in debtor's list of creditors, unless the creditor has given a different address in the proof of claim and a notice of no dividend has not been filed. See Alan N. Resnick & Henry J. Sommer, 9 Collier on Bankruptcy ¶4004.08 (15th ed. 2009). In the lead case, FirstBank's proof of claim for this particular debt had a different address from the alleged list of creditors. However, the Chapter 7 trustee on March 22, 1993 filed a report of no distribution. (Docket No. 5). This court concludes that Plaintiffs' analysis of Fed. R. Bankr. P. 2002(g) is erroneous, given that there was a report of no distribution which was filed in the lead case, thus it does not necessarily follow that the clerk of the court had to use the addresses on the proof of claim filed by FirstBank since it was a no asset case. It is important to note that in chapter 7 no asset cases, unless a party in interest files a complaint objecting to the discharge or a motion to extend the time to object, the court will issue a discharge order early in the case (in the lead case the discharge order was entered on May 27, 1993) generally sixty (60) days after the date first set for the meeting of creditors. Fed. R. Bankr. P. 4004(a) and (c).

   Notwithstanding, FirstBank would still be left to explain why it sold a prepetition debt to a

11

third party after it had knowledge of the bankruptcy filing and thus, the automatic stay pursuant to 11 U.S.C. §362(a) would still be in effect, absent notice that such case had been dismissed or that discharge had been denied (from the records of the lead case, FirstBank did not obtain relief from the automatic stay). See Alan N. Resnick & Henry J. Sommer, 9 Collier on Bankruptcy ¶4004.08 (15th ed. 2009). "Thus the failure to receive notice of the discharge order would not necessarily excuse the creditor's actions if they would have been wrongful even in the absence of a discharge order."Alan N. Resnick & Henry J. Sommer, 9 Collier on Bankruptcy ¶4004.08 (15th ed. 2009). FirstBank had knowledge of the following: (i) Debtors filed a bankruptcy petition under Chapter 7 on February 17, 1993; (ii) the particular debt, a personal loan under account no. xx-xxxxx0341 in the amount of $7,552.00, was listed in Debtors' schedules as an unsecured claim; and (iii) FirstBank filed a proof of claim on March 17, 1993 for this particular debt. This court finds that FirstBank had actual notice of the bankruptcy petition and, thus knew that the automatic stay under 11 U.S.C. §362(a) was applicable and if a discharge was entered subsequently its unsecured claims were dischargeable debts, thus it had knowledge of sufficient facts "to cause a reasonably prudent person to make additional inquiry" to determine whether the discharge had been filed or if the case had been dismissed. See In re Stucka, 77 B.R. 777, 783 (Bankr. C.D. Cal. 1987) citing In re Bragg, 56 Bankr. 46, 49 (Bankr. M.D. Ala. 1985) ("A willful violation of the automatic stay provision is also committed when a party acts in violation of the stay with knowledge or notice of sufficient facts to cause a reasonably prudent person to make additional inquiry to determine whether a bankruptcy petition has been filed.") See also In re Lafferty, 229 B.R. 707, 713 citing In re Roush, 88 B.R. 163,164; In re Summers, 213 B.R. 825, 828 (Bankr. N.D. Ohio 1996). This court concludes that Defendant had actual knowledge of the automatic stay pursuant to 11 U.S.C. §362(a) and that it had constructive knowledge of the discharge injunction and that it intended the actions which constituted the discharge injunction violation.

*Laches and Equitable Estoppel*

A party asserting laches as an affirmative defense has the burden of demonstrating that "a party's delay in bringing suit was (1) unreasonable, and (2) resulted in prejudice to the opposing party." Iglesias v. Mut. Life Ins. Co. N.Y., 156 F. 3d 237, 243 (1st Cir. 1998) (quoting K-Mart Corp. v. Oriental Plaza, Inc., 875 F. 2d. 907, 911 (1st Cir. 1989). A party asserting the defense of equitable

estoppel has the burden of proving that (1) a material misrepresentation by a party who had reason to know of its falsity; (2) reasonable reliance upon the alleged misrepresentation by the opposing party; and (3) a traceable disadvantage resulting from the material misrepresentation. See Heckler v. Community Health Servs. Inc., 467 U.S. 51, 59 (1984); Falcone v. Pierce, 864 F. 2d 226, 228 (1st Cir. 1988). Defendant's allegations with respect to these equitable doctrines are limited to the following: (i) Plaintiffs filed this adversary proceeding sixteen (16) years after the discharge order; and (ii) the same filed the complaint one (1) year and two (2) months after the issuance of the first collection letter and nine (9) months after the issuance of the second collection letter. However, it is an uncontested fact that Defendant on September 29, 2006, entered an Agreement by which it sold to PR Acquisitions, LLC certain accounts, including account no. xx-xxxxx0341, belonging to Plaintiff Ismael Delgado Laboy in the amount of $7,128.03. Moreover, it also undisputed that on or about January 3, 2008, Redline on behalf of its client, PR Acquisitions, LLC sent a collection letter to Plaintiff Ismael Delgado Laboy which stated that the balance on account no. 00261890000341 was $18,389.95. It is also undisputed that on or about June 9, 2008, Operating Partners on behalf of its client, PR Acquisitions, LLC sent a collection letter to Plaintiff Ismael Delgado Laboy, which stated that the balance on account no. 00261890000341 was $18,778.29. At this point, this court simply finds that Defendant has failed to demonstrate the elements required under both equitable doctrines, namely laches and equitable estoppel, thus Plaintiffs' complaint is not barred by laches or equitable estoppel.

*Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(4) & Fed. R. Bankr. P. 7004*

Fed. R. Civ. P. 4 made applicable in bankruptcy cases by Fed. Bankr. R. 7004 establishes the procedures for the proper issuance and service of a summons. Proper service pursuant to Fed. Bankr. R. 7004 is necessary to establish personal jurisdiction over a defendant. See Jardines Bacata, Ltd. v. Diaz-Marquez, 878 F. 2d 1555, 1559 (1st Cir. 1989); Precision Etchings and Findings, Inc. v. LGP Gem Ltd., 953 F. 2d 21, 23 (1st Cir. 1992). Thus, if plaintiff fails to comply with Fed. Bankr. R. 7004, it will deprive the bankruptcy court of personal jurisdiction due to insufficiency in the service of process. A summons must be hand delivered or deposited into a mailbox within ten (10) days after the summons is issued by the court. Fed. R. Bankr. P. 7004(e). Fed. R. Civ. P. 4(h)(1) made

applicable in bankruptcy by Fed. R. Bankr. P. 7004(a) allows service of process to be made upon corporations, "(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and– if the agent is one authorized by statute and the statute so requires–by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(A) & (B). Fed. R. Civ. P. 4(h)(1) allows for corporations to be served pursuant to the law of the district in which the court is located, namely Rule 4(e) of the Puerto Rico Rules of Civil Procedure and the General Corporation Law of Puerto Rico. See Boateng v. Inter Am. Univ., 188 F.R.D. 26, 27 (D.P.R. 1999). Rule 4(e) of the Puerto Rico Rules of Civil Procedure provides that service shall be made as follows: "[u]pon a corporation, company, partnership, association or any other artificial person, by delivering a copy of the summons and of the complaint to an officer, managing or general agent, or to any other agent authorized by appointment or designated by law to receive service of process." 32 L.P.R.A. App. III 4.4 (e). Article 12.01 of the General Corporation Law of Puerto Rico establishes that, "[s]ervice of legal process upon any corporation organized in the Commonwealth shall be made by personally delivering a copy of the process to any officer, director or the registered agent of the corporation in the Commonwealth, or by leaving it at the dwelling or usual place of abode of any officer, director or registered agent (if the registered agent is an individual) in the Commonwealth, or at the registered office or other place of business of the corporation in the Commonwealth." 14 L.P.RA. §3126. However, Fed. R. Bankr. P. 7004(b)(3) provides in part that "in addition to the methods authorized by Rule 4(e)-(j) F.R. Civ. P., service may be made within the United States by first class mail postage prepaid upon a domestic or foreign corporation... by mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process, and if the agent is one authorized by statute to receive service and the statute so requires, by mailing a copy to the defendant." Fed. R. Bankr. P. 7004(b)(3). Moreover, Fed. R. Bankr. P. 7004 "does not require proof of actual receipt, it requires only that the summons and complaint be mailed." See Moglia v. Lowitz & Sons (In re Outboard Marine Corp.), 359 B.R. 893, 898 (Bankr. N.D. Ill. 2007) citing In re Vincze, 230 F. 3d 297, 299 (7th Cir. 2000); United States Tr.

14

v. Clark (In re Clark), 2007 Bankr. Lexis 525 (Bankr. S. D. Iowa 2007) ("In Bankruptcy Court, Rule 7004 governing service of process in adversary proceedings significantly abbreviates the procedures permitting service of a summons and complaint by first class mail. Unlike the Federal Rules of Civil Procedure, no acknowledgment of receipt of service is required under the Federal Rules of Bankruptcy Procedure"); ( Alan N. Resnick & Henry J. Sommer, 10 Collier on Bankruptcy ¶7004.03 (15th ed. 2009).

Fed. R. Civ. P. 4(m) incorporated by Bankruptcy Rule 7004(a) provides a time limit for service. Fed. R. Civ. P. 4(m) establishes that, "[i]f a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). "What is 'good cause' for the failure to serve within 120 days will vary in each case, but diligence upon the part of the plaintiff in attempting to locate and serve the defendant and lack of prejudice to the defendant by reason of the delay are factors." Alan N. Resnick & Henry J. Sommer, 10 Collier on Bankruptcy ¶7004.02[13] (15th ed. 2009). "Application of Rule 4(m) requires a two-step analysis. First, upon a showing of good cause for the defective service, the court must extend the time period. Second, if there is no good cause, the court has the discretion to dismiss without prejudice or extend the time period." Id.

Fed. R. Civ. P. 12(b)(2) and 12(b)(4) made applicable by Fed. R. Bankr. P. 7012(b)(2) and 7012(b)(4) provide that the defenses of lack of personal jurisdiction and insufficiency of process must be presented in the first responsive pleading. Fed. R. Civ. P. 12(b)(2) and 12(b)(4). A Fed. R. Civ. P. 12(b)(2) motion is used to challenge the existence of jurisdiction over the person. A Fed. R. Civ. P. 12(b)(4) or (b)(5) motions is used to challenge the manner in which process or service of process was performed. See Boateng v. Inter Am. Univ., 188 F.R.D. at 27. "Objections to sufficiency of process or the service of process 'must be specific and must point out in what manner the plaintiff has failed to satisfy the service provision utilized.'" 2-12 Moore's Federal Practice- Civil §12.33[1] quoting O'Brien v. R.J. O'Brien Assocs., 998 F. 2d 1394, 1400 (7th Cir. 1993). The movant has the burden of proof in challenging the sufficiency of process pursuant to Fed. R. Civ. P. 12(b)(4). Id. The

plaintiff bears the burden of demonstrating that personal jurisdiction exists. See Negron-Torres v. Verizon Communs., Inc., 478 F. 3d 19, 12 (1st Cir. 2007).

In the instant case Operating Partners' motion to dismiss is based on the allegation that Plaintiffs failed to abide by Fed. R. Bankr. P. 7004(e) since no certificate of service appears on the record and the time limit for service has lapsed. Plaintiffs in their opposition to the motion to dismiss argue that the summons was served on Operating Partners, through its resident agent, Lorimar Sanchez Rios, by certified mail return receipt requested on April 22, 2009 (Docket No. 29, Exhibit A). However, the aforementioned summons was returned to sender due to an expired P.O. Box (Docket No. 29, Exhibit A). The service address for the resident agent was obtained from the Puerto Rico Department of State electronic information system which included the following information for the resident agent of Operating Partners Co. Inc.: Lorimar Sanchez Rios, P.O. Box 71433, San Juan, PR 00936-8533. (Docket No. 29, Exhibit B). The returned summons was resent on May 19, 2009 to the resident agent (Lorimar Sanchez Rios) of Operating Partners at the following address: P.O. Box 194499, San Juan, P.R. 00919, label number 7003 3110 0001 0419 1287 (Docket No. 29, Exhibit C). Plaintiffs' counsel never received the return receipt slip from the U.S. Postal Service. The on-line track and confirm feature of the U.S. Postal Service informed Plaintiffs that a notice for the parcel corresponding to label number 7003 3110 0001 0419 1287 was left on May 21, 2009 at 10:42am and that no further information is available (Docket No. 29, Exhibit D).

The court finds that Plaintiffs mailed the summons and complaint within one-hundred twenty (120) days of the filing the complaint since the same was sent via certified mail return receipt requested on April 22, 2009 to the last address of the resident agent that appeared on the on-line system for the Puerto Rico Department of State as of April 21, 2009. It must be noted that Operating Partners may be in violation of Article 3.04 of the General Corporation Law of Puerto Rico, 14 L.P.R.A. § 2684, since it is its responsibility to report a change of address by filing a duly authenticated certificate with the Department of a State. However, Plaintiffs mailed the summons more than ten days after it had been issued, and failed to request to the court to reissue the summons. Plaintiffs did not include in their motion the reason for failing to request the issuance of a new summons from the court. Thus, service was ineffective under both Fed. R. Bankr. P. 7004(e) and Fed.

16

R. Civ. P. 4(m).³ The court notes that Operating Partners first appearance in the court docket was on June 24, 2009 (Docket No. 10) the date it filed its motion to dismiss which was after the one-hundred and twenty days had elapsed from the date of the filing of the complaint pursuant to Fed. R. Civ. P. 4(m). Operating Partners may argue that it had no duty to plead insufficiency of service of process within the one-hundred twenty days subsequent to the filing of the complaint, but at the same time this court concludes that through its inaction they should be permitted for this motion to dimiss to be granted. See Union Trust Co. v. Anderson (In re Anderson), 179 B.R. 401, 406-407 (Bankr. D. Conn. 1995).

## Conclusion

For the reasons stated above, this court finds that Defendant had actual knowledge of the automatic stay pursuant to 11 U.S.C. §362(a) and that it had constructive knowledge of the discharge injunction and that it intended the actions which constituted the discharge injunction violation. The court concludes that Plaintiffs' complaint is not barred by laches or equitable estoppel. Lastly, the court finds that Plaintiffs failed to effectively service Operating Partners pursuant to Fed. R. Bankr. P. 7004(e) and Fed. R. Civ. P. 4(m) and will allow the reissuance of the summons so that Defendant Operating Partners may be properly served by Plaintiffs in conformity with Fed. R. Bankr. P. 7004(e) and Fed. R. Civ. P. 4(m). Plaintiffs shall move the court for the reissuance of summons within fourteen (14) days.

---

³See Premier Capital, Inc. v. DeCarolis, 2002 DNH 8 ( D.N.H. 2002) ("... the better rule is that service within 120 days under Fed. R. Civ. P. 4(m), in a bankruptcy adversary proceeding, means proper service under Fed. R. Bankr. P. 7004(e) within 120 days of filing the complaint. That is, a defendant must be served within ten days of the issuance of the summons, and within 120 days of filing the complaint.")

In view of the foregoing, Defendant's motion for summary judgment is hereby DENIED and Operating Partners' motion to dismiss is hereby DENIED.

A pre-trial is scheduled for April 12, 2010 at 10:00 a.m.

Judgment shall be entered accordingly.

In San Juan, Puerto Rico, this 2nd day of ~~January~~ February 2010.

                                              ENRIQUE S. LAMOUTTE
                                              U.S. Bankruptcy Judge